In re THE NATIONAL ASSOCIATION OF PROFESSIONAL MARTIAL ARTISTS, INC., International Ikon, Inc., Debtors.

Nos. 8:03–BK–18680–ALP, 8:03–BK–18679–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 15, 2005.

Chad S. Bowen, David S. Jennis, Jennis & Bowen, PA, Tampa, FL, William R. Klein, Sarasota, FL, for Debtors.

*FINAL ORDER ON CENTURY MARTIAL ART SUPPLY, INC.'S EMERGENCY MOTION TO COMPEL DISCOVERY, TO APPOINT A SPECIAL MASTER AND FOR SANCTIONS* (Doc. No. 305)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in the jointly administered Chapter 11 cases of National Association of Professional Martial Artists, Inc., (NAPMA) and International Ikon, Inc. (Ikon) is Century Martial Art Supply, Inc.'s Emergency Motion to Compel Discovery, to Appoint a Special

---

Master and for Sanctions (Doc. No. 305), filed February 11, 2005.

The principal event at issue in this matter is the conduct of Robert Alan Wall, corporate representative of World Black Belt, Inc. (WBB), at his deposition, taken January 11, 2005. During the course of the deposition, Wall made comments that were inappropriate and beyond the course of acceptable behavior, including calling Dean Kent, the attorney conducting the deposition, a liar, Wall Depo. Tr., p. 69–71; asking if Kent had been charged with any sexual crimes, Wall Depo. Tr., p. 74; making reference to gay sex affairs, Wall Depo. Tr., p. 76; giving generally nonresponsive answers, Wall Depo. Tr., p. 35–41, 42–43, 64–66; and terminating the deposition, Wall Depo. Tr., p. 132.

Century filed the Motion seeking an order compelling WBB to produce telephone records, to appoint a special master to be present during the continued deposition, requiring Wall to respond to questions to which he refused to respond during his deposition, imposing sanctions against Wall personally, and awarding fees and costs to Century. On February 28th, 2005, this Court entered an Order on Century Martial Art Supply, Inc.'s Emergency Motion to Compel Discovery, to Appoint a Special Master and for Sanctions (Doc. No. 312), ordering WBB to answer specific questions and produce the requested phone records, denying the request to appoint a special master, and continuing the request for sanctions. The request for sanctions was ultimately scheduled for a Final Evidentiary Hearing (Doc. No. 317).

At the Final Evidentiary Hearing held May 26, 2005, counsel for Wall, who was not Wall's counsel at the time of the deposition, stated that there was a personality conflict between the deposing attorney and Wall. Clearly this was the case. Counsel for Wall also indicated that Wall behaved appropriately at a subsequent deposition. However, neither a personality conflict nor any subsequent behavior excuses Wall's conduct at the January 11, 2005 deposition.

 This Court may award appropriate sanctions where a party frustrates the conduct of a deposition, Fed.R.Civ.P. 30, made applicable by Fed. R. Bankr.P. 7030, or where a party successfully moves for a motion to compel discovery. Fed.R.Civ.P. 37, made applicable by Fed. R. Bankr.P. 7037. Wall's nonresponsive and outrageous comments frustrated the deposition, and required a motion to compel, which this Court granted. At the Final Evidentiary Hearing, counsel for Century requested $5,000. This Court determines that $3,000 is a reasonable award to cover the sanctions, attorneys' fees and costs in taking the depositions and pursuing the Motions. Based on the foregoing, this Court is satisfied that Wall should be sanctioned for his behavior at the January 11, 2005 deposition, and shall pay $3,000 to Century within thirty days after the date of entry of this Order.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Century Martial Art Supply, Inc.'s Emergency Motion to Compel Discovery, to Appoint a Special Master and for Sanctions (Doc. No. 305), in so far as it request sanctions and costs and attorneys' fees be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that Robert Alan Wall shall pay the amount of $3,000 to Century within thirty days after the date of entry of this Order.